IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RUTH VELASQUEZ-DIAZ, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | CIVIL CASE NO. 18-CV-633-N-BK |
| A/K/A AND/OR D/B/A WAL-MART | § | |
| SUPERCENTER STORE #1800 AND/OR | § | |
| WAL-MART AND/OR WAL-MART | § | |
| SUPERCENTER, | § | |
|     DEFENDANT. | § | |

**FINDINGS CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the district judge's *Order of Referral*, Doc. 15, this case has been referred to the United States magistrate judge for pretrial management. Before the Court for findings and a recommended disposition is Defendant's motion for summary judgment. Doc. 12. For the reasons that follow, the motion should be **GRANTED**.

**I.    PROCEDURAL HISTORY**

Plaintiff filed this action in Dallas County Court at Law on February 7, 2018, claiming that she was injured after she slipped and fell in liquid on the floor of the dairy department at one of Defendant's stores. Doc. 1-1 at 7-15. She asserted claims for negligence and premises liability. Doc. 1-1 at 7-15. Defendant removed the action to this Court based on diversity jurisdiction and, shortly thereafter, Plaintiff's counsel was permitted to withdraw from the case. Doc. 1; Doc. 14.

Defendant filed its *Motion for Summary Judgment* in April 2019. Doc. 12. The case was stayed for 60 days to permit Plaintiff to retain new counsel. Doc. 14. When she did not do so, the stay was lifted, and Plaintiff was ordered to respond to Defendant's summary judgment motion by

August 9, 2019, if she was opposed to the dismissal of her case. Doc. 16. Nevertheless, Plaintiff has failed to respond. Thus, the Court now undertakes consideration of the dispositive motion.

## II.     UNDISPUTED FACTS

In support of its motion for summary judgment, Defendant submitted a series of security videos. Doc. 17 at 2. One of the videos contains approximately two hours of footage of the dairy department both before and after Plaintiff's alleged fall, which purportedly occurred at approximately 3:07 p.m. The footage commences at 2:00:03 p.m. and shows dozens of people walking through the area without incident in the time frame leading up to the events in question. Plaintiff, wearing a pink shirt, comes into the camera's view at 3:06:59 p.m., walks down the aisle, stops briefly in front of a rack, and continues walking down the aisle, disappearing from view at 3:07:41 p.m. She does not slip or fall. There is no liquid visible on the floor, nor does she appear to observe any. Indeed, from 3:05:00 p.m. to 3:07:41 p.m., approximately 20 other people walk through the same area. No one appears to notice any liquid on the floor, and no one slips or falls.

## III.    APPLICABLE LAW

If a party does not file a response to a summary judgment motion, the court is not permitted to enter a "default" summary judgment. *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). The court is, however, permitted to accept the movant's facts as undisputed when no opposition is filed. *Id.* Further, a summary judgment non-movant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute competent summary judgment evidence. *Assoc. of Taxicab Op, USA v. Yellow Checker Cab Co. of Dallas/Fort Worth, Inc.*, 910 F. Supp. 2d 971, 975 (N.D. Tex. 2012) (Godbey, J.) (citing *United States v. Dallas Area Rapid Transit*, 96 F.3d 1445 (5th Cir. 1996)); *see also Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991) (stating that the allegations in the plaintiff's unsworn complaint were insufficient to defeat summary judgment). Summary judgment shall be granted when the record shows that there is no genuine

dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986).

## IV.  ANALYSIS

Defendant argues, in relevant part, that because its security video shows that (1) there was no liquid on the floor where Plaintiff was walking and (2) she did not fall on its premises, she has not established that any injuries she claims to have were due to Defendant's negligence. Doc. 13 at 9-16. The Court agrees. A review of the video does not reveal the presence of liquid, and Plaintiff clearly neither slipped nor fell. Assuming she has injuries of some nature, they did not occur in the manner she alleges in her complaint. Accordingly, Plaintiff cannot demonstrate the required causal link between any injuries she may have and Defendant's actions or lack thereof. *Fort Brown Villas III Condo. Ass'n v. Gillenwater*, 285 S.W3d 879, 883 (Tex. 2009) (premises liability elements); *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002) (negligence elements). Both of her claims thus fail.

## V.  CONCLUSION

For the foregoing reasons, it is recommended that Defendant's *Motion for Summary Judgment*, Doc. 12, be **GRANTED** and all costs of court taxed against Plaintiff.

**SO RECOMMENDED** on February 12, 2020.

*[signature]*

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's findings, conclusions and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).